UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JULIE M. COLBURN,

    Plaintiff,

v.                                                CASE NO.:_____

UNITED STATES OF AMERICA,

SERVE:    U. S. Attorney for the Eastern District of Virginia
                Attention: Kent Porter, Assistant U.S. Attorney
                Office of the United States Attorney
                101 West Main Street, Suite 8000
                Norfolk, VA 23510-1671

SERVE:    Attorney General of the United States
                Department of Justice
                Room 5111
                10th & Constitution Avenue, NW
                Washington, D.C. 20530

    Defendant.

## COMPLAINT

COMES NOW, Julie M. Colburn ("Plaintiff"), by counsel, and respectfully moves this Honorable Court for judgment, against the Defendant United States of America ("United States") in the sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) in compensatory damages, together with the costs of this action and post-judgment interest.

## PARTIES

1. Plaintiff is a citizen of the State of Illinois, and a resident of O'Fallon, Illinois.

2. Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq.* ("FTCA"), as amended by the *Westfall* Act, the United States is the proper party for this civil action for personal injury and money damages caused by the negligent or wrongful

act or omission of any employee of the Government acting within the scope of their office or employment.

## JURISDICTION AND VENUE

3. This Court has exclusive, original jurisdiction of this complaint pursuant to 28 U.S.C. § 1346(b)(1) as this is a claim, against the United States, for money damages for personal injuries caused by the negligent or intentional wrongful act of one or more employees of the Government while acting within the scope of their office or employment.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the acts complained of occurred in the City of Virginia Beach, Virginia in the Eastern District of Virginia.

## PROCEDURAL POSTURE

5. On August 19, 2021, Plaintiff filed a notice of claim with the Department of the Navy in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) alleging personal injuries as a result of an incident resulting from the deployment of the Hardened Anti-Access Control System ("HACS") on September 12, 2020, Naval Station Little Creek, Virginia.

6. On September 13, 2021, The Department of the Navy issued a final denial of Plaintiff's claim in writing, sent by certified mail.

## FACTS

7. This action arises out of a motor vehicle collision that occurred on Naval Base Little Creek in the City of Virginia Beach, Virginia on September 12, 2020.

8. On September 12, 2020, at approximately 2:15 p.m., Plaintiff was the operator of a motor vehicle which was lawfully and properly traveling northbound in Lane 2 within Naval Station Little Creek in the City of Virginia Beach, Virginia after clearing an identification check at Gate 5.

9. After passing through Gate 5, Plaintiff was proceeding into Naval Station Little Creek when the HACS barrier deployed in Plaintiff's lane of travel under her car, causing a collision between Plaintiff's vehicle and the HACS barrier.

10. At or about the same time the Plaintiff was cleared to enter Naval Station Little Creek, another driver attempted to enter behind the Plaintiff.

11. Upon information and belief, the following car's driver was not authorized to enter Naval Station Little Creek.

12. Rather than using a less drastic and less dangerous means or recourse to apprehend the alleged unauthorized vehicle behind the Plaintiff, employees and agents of the United States engaged the HACS, fully knowing the potential for injuries to innocent persons and causing damage to property of innocent persons.

13. The person or persons assigned to traffic control at the aforementioned gate and time were responsible for the safety and security of all persons lawfully entering the Naval Base.

14. The United States, by and through the acts of its agents, servants and employees acting within the scope of their employment negligently and/or intentionally, operated, engaged or controlled the aforementioned HACS barrier, causing the HACS barrier to deploy under the Plaintiff's car rather than in front of the alleged non-compliant driver's car.

## COUNT I

## NEGLIGENCE
### (United States of America)

15. Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

16. The United States, by and through its agents, servants, and employees acting within the scope of their employment, owed Plaintiff a duty to exercise reasonable care in supervising and managing traffic entering the Base, including the operation, maintenance, and control the HACS barrier in such a way as to avoid injuring persons and damaging property and to provide warning to persons who may be inadvertently injured by the deployment of the barrier.

17. At the time of the incident, a uniformed employee of the United States, performing gate guard function stated to the Plaintiff that, in effect, "I'm so sorry", and apologized for inflicting injury to her.

18. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), Defendant United States of America is liable for the negligent acts or certain intentional acts of its agents and employees acting within the scope of their employment.

## COUNT II

## ASSAULT

19. Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged.

4

20. On August 19, 2021, uniformed members of the United States Navy and uniformed officers of the Little Creek Naval Base Police Department managed, controlled, and directed security at Gate 5 when the Plaintiff entered the Base, while she adhered to all direction and protocol in entering the Base.

21. The Plaintiff, after passing through security and proceeding away from the security check point, was suddenly and violently assaulted by the deployment of the HACS barrier under the front of her vehicle in the roadway upon which she legally drove.

22. The HACS barrier was operated and engaged by one or more uniformed Federal employees who, as a member of the Little Creek Base Police or uniformed member of the United States Navy, were acting as law enforcement officers in accordance with 28 U.S.C. §2680 (h).

23. The aforementioned person or persons, knowing the effect such action would have on innocent persons such as Ms. Culburn, intentionally engaged the barricade in an attempt to detain another individual and make an arrest, but succeeded in causing the barricade to violently crash up into Plaintiff's vehicle, abruptly stopping the vehicle and injuring Ms. Colburn and damaging her vehicle.

24. The assault upon Ms. Colburn was intentional and the agents of the Federal Government who initiated the barricade employment knew or should have known that engaging such barricade system while the Plaintiff and other innocent persons were traversing the roadway was dangerous and excessive, and could reasonably result in physical injury to the Plaintiff.

25. As a direct and proximate result of the United States' breach of duty, negligence, and assault upon her, Ms. Colburn suffered damages in the following particulars:

A. Bodily injuries both permanent and nonpermanent in nature which have affected Plaintiff's health;

B. Part, present, and future physical pain and mental anguish;

C. Inconvenience;

D. Disfigurement, deformity, and associated humiliation and embarrassment; and

E. Medical expenses

WHEREFORE, Plaintiff moves this Court for judgment against the United States in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) in compensatory damages and pre-judgment interest.

## JURY DEMAND

**Plaintiff demands a trial by jury of any issue deemed triable by a jury pursuit to the law.**

JULIE M. COLBURN

By: /s/ Allen W. Beasley
Allen W. Beasley, Esq.
Virginia State Bar #24730
Breit Biniazan
Towne Pavilion Center II
600 22nd Street, Ste. 402
Virginia Beach, VA 23451
(757) 622-6000 (Office)
(757) 670-3895 (Fax)
abeasley@bbtrial.com
*Counsel for Plaintiff*